IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TOLESSA GURMESSA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : Civil Action No. 21-869-RGA | |
| | : | |
| GENOCIDE PREVENTION IN | : | |
| ETHIOPIA, INC., et al., | : | |
| | : | |
| Defendants. | : | |

Tolessa Gurmessa, West Valley City, Utah.  Pro Se Plaintiff.

Lauren Patrice DeLuca, Esquire, and Timothy Michael Holly, Esquire, Connolly Gallagher LLP, Wilmington, Delaware.  Counsel for Defendants Genocide Prevention in Ethiopa, Inc. and Senaid Senay.

Jennifer Marie Kinkus, Esquire, and William Edward Gamgort, Esquire, Young, Conaway, Stargatt & Taylor LLP.  Counsel for Defendant Biniam Hirut Debabe.


**MEMORANDUM OPINION**


February 23, 2022
Wilmington, Delaware

ANDREWS, U.S. District Judge:

Plaintiff Tolessa Gurmessa, who proceeds *pro se*, filed this action on action on June 17, 2021. (D.I. 1). The Court has jurisdiction pursuant to 28 U.S.C. § 1332. Before the Court are Defendants' motions to dismiss, Defendant Biniam Hirut Debabe's motion for leave to file an amended motion to dismiss, and Plaintiff's responsive letter construed as a motion to voluntarily dismiss Debabe. (D.I. 8, 12, 17, 24). Briefing is complete.

I.      BACKGROUND

Plaintiff alleges defamation by Defendants on April 10, 2021, when "Defendants' letter to Plaintiff's employer and coworkers, falsely accused him of serious crimes. It also operates to accuse Plaintiff of committing crimes under Delaware law, as well as the law of numerous other states, in that it effectively states that Plaintiff openly supports genocide, glorifies torture, lynching, massacre, ethnic cleansing." (D.I. 1 at ¶ 17; *see* D.I. 1-1 at 2-4). Plaintiff alleges there is "absolutely no basis to support or make these serious accusations," and the statements are "false and defamatory." (*Id.*). Plaintiff alleges Defendants sent the letter to at least seven of Plaintiff's coworkers; Defendants knew that the false and disparaging statements would be read by Plaintiff's coworkers; and Plaintiff would be subjected to termination of his employment as the letter urged the "VA to reassess his fitness to work for a government's organization treating and carrying patriots fighting for freedom and against terrorists." (*Id.*). Plaintiff alleges that the false statements are defamation per se because the statements charged him with supporting serious crimes against humanity and committing crimes under the law. (*Id.* at ¶ 20). Plaintiff seeks compensatory and punitive damages.

1

All Defendants move to dismiss.[1]  (D.I. 8, 12).  Debabe filed a motion for leave to file an amended motion to dismiss and, in response, Plaintiff filed a letter motion to voluntarily dismiss without prejudice the claims against Debabe.  (D.I. 17, 24). Defendants Genocide Prevention in Ethiopa, Inc. and Senaid Senay move for dismissal pursuant to Fed. R. Civ. P.12(b)(2) and 12(b)(6) on the grounds that this Court lacks personal jurisdiction over Senay and the Complaint fails to state a defamation claim.

## II.    LEGAL STANDARDS

### A.    Rule 12(b)(2)

Pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, the Court may dismiss a suit for lack of jurisdiction over the person.  Although Rule 8 does not require a plaintiff to set forth in the complaint "the grounds upon which the court has personal jurisdiction over the defendant," *Hansen v. Neumueller GmbH*, 163 F.R.D. 471, 474 (D. Del. 1995), "once a defendant has raised a jurisdictional defense, a plaintiff bears the burden of proving by affidavits or other competent evidence that jurisdiction is proper." *Dayhoff Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1302 (3d Cir. 1996).  If the district court does not hold an evidentiary hearing, the court should resolve any factual disputes in the plaintiff's favor and should deny the motion if the plaintiff's evidence establishes "a prima facie case of personal jurisdiction." *Eurofins Pharma US Holdings v. BioAlliance Pharma SA*, 623 F.3d 147, 155 (3d Cir. 2010).

Two requirements, one statutory and one constitutional, must be satisfied for personal jurisdiction to exist over a defendant.  *Bell Helicopter Textron, Inc. v. C & C*

---

[1] Biniam Hirut Debabe's motion was filed when he proceeded *pro se*.  He has since retained counsel.

2

*Helicopter Sales, Inc.*, 295 F. Supp. 2d 400, 403 (D. Del. 2002). "First, a federal district court may assert personal jurisdiction over a nonresident of the state in which the court sits to the extent authorized by the law of that state." *Id.* (citing Fed. R. Civ. P. 4(e)). The Court must, therefore, determine whether there is a statutory basis for jurisdiction under the Delaware long-arm statute. *Id.* (citing 10 Del. C. § 3104(c)). "Second, because the exercise of jurisdiction must also comport with the Due Process Clause of the United States Constitution, the Court must determine if an exercise of jurisdiction violates [Defendant's] constitutional right to due process." *Id.* (citing *International Shoe Co. v. Washington*, 326 U.S. 310 (1945)).

"Once a jurisdictional defense has been raised, the plaintiff bears the burden of establishing with reasonable particularity that sufficient minimum contacts have occurred between the defendant and the forum state to support jurisdiction." *Id.* (citing *Provident Nat'l Bank v. California Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987). Plaintiff may establish jurisdictional facts through sworn affidavits or other competent evidence. *See Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 66 n.9 (3d Cir. 1984).

Plaintiff must demonstrate either specific or general jurisdiction. Specific jurisdiction arises when the particular cause of action arose from Defendant's activities within the forum state. In contrast, general jurisdiction does not require Defendant's connections be related to the particular cause of action, but that Defendants have continuous or systematic contacts with the forum state. *American Bio Medica Corp. v. Peninsula Drug Analysis Co, Inc.*, 1999 WL 615175 (D. Del. 1999). "[A]t no point may a plaintiff rely on the bare pleadings alone in order to withstand a defendant's Rule

3

12(b)(2) motion to dismiss for lack of in personam jurisdiction." *Id*. Plaintiff is required to respond to a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction with actual proof, not mere allegations. *Id*. *See also Hurley v. Cancun Playa Oasis In'tl Hotels*, 1999 WL 718556, at *1 (E.D. Pa. Aug. 31, 1999) (stating that "[g]eneral averments in an unverified complaint or response without the support of sworn affidavits or other competent evidence are insufficient to establish jurisdictional facts").

### B.    Rule 12(b)(6)

In reviewing a motion filed under Fed. R. Civ. P. 12(b)(6), the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id*. A court may consider the pleadings, public record, orders, exhibits attached to the complaint, and documents incorporated into the complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). A Rule 12(b)(6) motion may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

"Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp*., 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). I am "not required to credit bald assertions or legal

4

conclusions improperly alleged in the complaint." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002).  A complaint may not be dismissed, however, "for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014).

A complainant must plead facts sufficient to show that a claim has "substantive plausibility." *Id.* at 347.  That plausibility must be found on the face of the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "A claim has facial plausibility when the [complainant] pleads factual content that allows the court to draw the reasonable inference that the [accused] is liable for the misconduct alleged." *Id.*  Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

"In deciding motions to dismiss pursuant to Rule 12(b)(6), courts generally consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim.  A document forms the basis of a claim if the document is 'integral to or explicitly relied upon in the complaint.'  The purpose of this rule is to avoid the situation where a plaintiff with a legally deficient claim that is based on a particular document can avoid dismissal of that claim by failing to attach the relied upon document.  Further, considering such a document is not unfair to a plaintiff because, by relying on the document, the plaintiff is on notice that the document will be considered." *Lum v. Bank of Am.*, 361 F.3d 217 n.3 (3d Cir. 2004) (internal citations omitted); *see also In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

5

### III.    DISCUSSION

#### A.    Dismissal of Debabe

Debabe filed a *pro se* motion to dismiss.  (D.I. 8).  He retained counsel who filed a motion for leave to file an amended motion to dismiss.  (D.I. 17).  In response, Plaintiff wrote a letter to the Court that states, "In light of the motion to dismiss filed by co-defendants Genocide Prevention in Ethiopa Inc. and Senait Senay [], I have changed my mind regarding the dismissal of Mr. Debabe from this action."  (D.I. 14 at 1).  Plaintiff goes on to state that he does not "strongly object" to Debabe's dismissal from this action and he reserves the right to add him back as a defendant if his involvement is discovered.  (*Id.*).  Debabe replies that he does not object to his dismissal without prejudice.  (D.I. 29).  I construe the responsive letter (D.I. 14) as a motion to voluntarily dismiss Debabe pursuant to Fed. R. Civ. P. 41.

Accordingly, Debabe's motion to dismiss and motion for leave to file an amended motion to dismiss will be dismissed as moot.  Plaintiff's responsive letter, construed as a motion to voluntarily dismiss pursuant to Fed. R. Civ. P. 41, will be granted.

#### B.    Personal Jurisdiction

Senay and Genocide Prevention move to dismiss Senay on the grounds that this Court lacks personal jurisdiction over Senay.  They argue that the Complaint lacks facts to support a claim of minimum contacts to satisfy Delaware's long arm statute or due process as there are no allegations that Senay had any contact with Delaware.  Plaintiff responds that Senay is/was the agent, principal, stakeholder and/or alter ego of Genocide Prevention and that this Court also has personal jurisdiction over Senay under 10 Del. C. § 3104(c)(4).  Plaintiff states that Senay has possibly transacted and/or

6

done business in the State of Delaware. (D.I. 26 at 4-6). Plaintiff states that Senay is

possibly the sole officer of Genocide Prevention, which Plaintiff asserts would establish

personal jurisdiction under Delaware's officer consent statute, 10 Del. C § 3114. (*Id.* at

6-9). He also seeks jurisdictional discovery. (*Id.* at 17).

   This Court may permit "jurisdictional discovery" unless Plaintiff's jurisdictional

claims appear "'clearly frivolous.'" *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446,

456 (3d Cir.2003) (quoting *Massachusetts School of Law at Andover, Inc. v. American

Bar Ass'n*, 107 F.3d 1026, 1042 (3d Cir.1997)). If "a plaintiff presents factual allegations

that suggest 'with reasonable particularity' the possible existence of the requisite

'contacts between [the party] and the forum state,' the plaintiff's right to conduct

jurisdictional discovery [must] be sustained." *Id.* (internal citation omitted). Jurisdictional

discovery should not serve as "a fishing expedition" into the underlying merits, all while

"under the guise of jurisdictional discovery." *LaSala v. Marfin Popular Bank Public Co.,

Ltd.*, 410 F. App'x 474, 478 (3d Cir.2011).

   Upon review of the filings, it is clear there is a real question regarding Senay's

status as a corporate officer of Genocide Prevention. Accordingly, the Court finds that

limited jurisdictional discovery is appropriate. Defendants' motion to dismiss Senay for

lack of jurisdiction will be denied without prejudice to renew.

### C.   Defamation

   Defendants seek dismissal on the grounds that the Complaint fails to state a

defamation claim. The tort of defamation is composed of two torts: libel, which is written

defamation, and slander, which is oral defamation. *Spence v. Funk*, 396 A.2d 967, 970

(Del. 1978). The elements of defamation are: (1) a defamatory communication; (2)

7

publication; (3) the communication refers to the plaintiff; (4) a third party's understanding of the communication's defamatory character; and (5) injury. *Clouser v. Doherty*, 175 A3d 86, 2017 WL 3947404, at *7 (Del. 2017). A defamatory communication is one that tends to injure a person's reputation. *See Orthopaedic Assocs. of S. Delaware, P.A. v. Pfaff*, 2018 WL 822020, at *5 n.30 (Del. Super. Ct. Feb. 9, 2018) (citing Black's Law Dictionary 480 (9th ed. 2009)).

Once a plaintiff establishes a prima facie case, a defendant may plead the truth of the alleged defamatory statements as a defense. (*Id.*). "Under Delaware law there is no liability for defamation when a statement is determined to be true." *Holmes v. The News Journal Co.*, 2015 WL 1893150, at *3 (Del. Super. Apr. 20, 2015) (citing *Riley v. Moyed*, 529 A.2d 248, 253 (Del. 1987)). No defamation has occurred where a statement is no more damaging to plaintiff's reputation in the mind of the average person than a truthful statement would have been. *Ramunno v. Cawley*, 705 A.2d 1029, 1035 (Del. 1998).

Defendants argue that dismissal is appropriate because the letter at issue is not defamatory since the statements contained in the letter are protected expressions of opinion. They argue that the Complaint's allegations misrepresent what the letter actually says as the Complaint alleges that the letter accuses Plaintiff of committing crimes and the letter does not make such accusations. Plaintiff does not dispute making social media posts "to criticize public officials and comment on social issues of the day" (D.I. 26 at ¶ 27), and he urges that his comments do not rise to the level of support for crimes against humanity. He also argues that Defendants acted with malice

8

since the letter asks Plaintiff's employer "to reassess his fitness to work for [the VA] treating and carrying patriots fighting for freedom and against terrorists." (D.I.1-1 at 4).

The First Amendment of the United States Constitution generally protects expressions of opinion. *See Kanaga v. Gannett Co.*, 687 A.2d 173, 177 (Del. 1996). This does not mean that there is a "wholesale defamation exemption for anything that might be labeled opinion." *Id.* (quoting *Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 18 (1990)). Rather, the touchstone is whether "an ordinary reader of the statement" would regard the statement as an expression of opinion. *Riley v. Moyed*, 529 A.2d at 251.

Although pure statements of opinion are not actionable, an opinion "may often imply an assertion of objective fact and, if the implied fact may be found to be false, the trier of fact may find the plaintiff to have been libeled." *Kanaga v. Gannett Co.*, 687 A.2d at 177. Therefore, the issue is whether "the entire context of the published statements, considered from the viewpoint of the average reader, may imply a false assertion of fact." *Id.* at 179.

The letter contains Defendants' opinions that Plaintiff lacks moral principles and character, but also contains many stated and implied defamatory facts as the basis of that opinion. For example, an average reader may infer that Plaintiff supports genocide in Ethiopia. On this topic, Plaintiff claims the letter omitted important facts, including that he has been speaking out against genocide on social media. (D.I. 1 at ¶¶ 24, 25, 35). The Delaware Supreme Court has stated, "Even if the speaker states the facts upon which he bases his opinion, if those facts are either incorrect or incomplete, or if his assessment of them is erroneous, the statement may still imply a false assertion of fact." *Id.* at 177 (quoting *Milkovich v. Lorain Journal Co.*, 497 U.S. at 18-19). The

9

Delaware Supreme Court has also stated that "the better rule does not distinguish between indirect and direct, or incomplete and complete libels, so long as the defamation is susceptible to proof." *Spence v. Funk*, 396 A.2d at 972.  After drawing all inferences in favor of Plaintiff, I find that dismissal is not appropriate on the ground that the statements are non-actionable opinions because the ordinary reader could infer the existence of facts which are capable of being proved true or false.

Accordingly, Defendants' motion to dismiss the defamation claim will be denied.

## IV.    CONCLUSION

For the above reasons, the Court will:  (1) dismiss as moot Defendant Biniam Hirut Debabe's motion to dismiss; (2) deny Defendants Genocide Prevention in Ethiopa Inc.'s and Senait Senay's motion to dismiss; (3) allow the parties to conduct limited jurisdictional discovery; (4) dismiss as moot Defendant Biniam Hirut Debabe's motion for leave to file an amended motion to dismiss; and (5) grant Plaintiff's motion to voluntarily dismiss without prejudice Defendant Biniam Hirut Debabe pursuant to Fed. R. Civ. P. 41.

An appropriate order will be entered.

10