IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TOLESSA GURMESSA, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 21-869-RGA |
| GENOCIDE PREVENTION IN ETHIOPIA, INC., et al., | : |
| Defendants. | : |

Tolessa Gurmessa, West Valley City, Utah. Pro Se Plaintiff.

Lauren Patrice DeLuca, Esquire, and Timothy Michael Holly, Esquire, Connolly Gallagher LLP, Wilmington, Delaware. Counsel for Defendants Genocide Prevention in Ethiopa, Inc. and Senaid Senay.

**MEMORANDUM OPINION**

March 29, 2023
Wilmington, Delaware

*[Signature]*
**ANDREWS, U.S. District Judge:**

Plaintiff Tolessa Gurmessa, who proceeds *pro se*, filed this action on action on June 17, 2021. (D.I. 1). The Court has jurisdiction pursuant to 28 U.S.C. § 1332. Before the Court are Defendant Senait Senay's renewed motion to dismiss for lack of personal jurisdiction. (D.I. 45). Briefing is complete. (D.I. 46, 49, 50).

## I.   BACKGROUND

Plaintiff alleges defamation by Defendants Senay and Genocide Prevention in Ethiopia, Inc., on April 10, 2021, when "Defendants' letter to Plaintiff's employer and coworkers, falsely accused him of serious crimes. It also operates to accuse Plaintiff of committing crimes under Delaware law, as well as the law of numerous other states, in that it effectively states that Plaintiff openly supports genocide, glorifies torture, lynching, massacre, ethnic cleansing." (D.I. 1 at ¶ 17; *see* D.I. 1-1 at 2-4). Plaintiff alleges there is "absolutely no basis to support or make these serious accusations," and the statements are "false and defamatory." (*Id.*). Plaintiff alleges Defendants sent the letter to at least seven of Plaintiff's coworkers; Defendants knew that the false and disparaging statements would be read by Plaintiff's coworkers; and Plaintiff would be subjected to termination of his employment as the letter urged the "VA to reassess his fitness to work for a government's organization treating and carrying patriots fighting for freedom and against terrorists." (*Id.*). Plaintiff alleges that the false statements are defamation per se because the statements charged him with supporting serious crimes against humanity and committing crimes under the law. (*Id.* at ¶ 20). Plaintiff seeks compensatory and punitive damages.

1

I previously denied Defendant's motion to dismiss under Rule 12(b)(6) and denied without prejudice to renew Defendant's motion to dismiss under Rule 12(b)(2) for lack of personal jurisdiction. (D.I. 33, 34). I permitted jurisdictional discovery, which has now occurred.

## II. LEGAL STANDARDS

Pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, the Court may dismiss a suit for lack of jurisdiction over the person. Although Rule 8 does not require a plaintiff to set forth in the complaint "the grounds upon which the court has personal jurisdiction over the defendant," *Hansen v. Neumueller GmbH*, 163 F.R.D. 471, 474 (D. Del. 1995), "once a defendant has raised a jurisdictional defense, a plaintiff bears the burden of proving by affidavits or other competent evidence that jurisdiction is proper." *Dayhoff Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1302 (3d Cir. 1996). If the district court does not hold an evidentiary hearing, the court should resolve any factual disputes in the plaintiff's favor and should deny the motion if the plaintiff's evidence establishes "a prima facie case of personal jurisdiction." *Eurofins Pharma US Holdings v. BioAlliance Pharma SA*, 623 F.3d 147, 155 (3d Cir. 2010).

Two requirements, one statutory and one constitutional, must be satisfied for personal jurisdiction to exist over a defendant. *Bell Helicopter Textron, Inc. v. C & C Helicopter Sales, Inc.*, 295 F. Supp. 2d 400, 403 (D. Del. 2002). "First, a federal district court may assert personal jurisdiction over a nonresident of the state in which the court sits to the extent authorized by the law of that state." *Id.* (citing Fed. R. Civ. P. 4(e)). The Court must, therefore, determine whether there is a statutory basis for jurisdiction under the Delaware long-arm statute. *Id.* (citing 10 Del. C. § 3104(c)). "Second,

because the exercise of jurisdiction must also comport with the Due Process Clause of the United States Constitution, the Court must determine if an exercise of jurisdiction violates [Defendant's] constitutional right to due process." *Id.* (citing *International Shoe Co. v. Washington*, 326 U.S. 310 (1945)).

"Once a jurisdictional defense has been raised, the plaintiff bears the burden of establishing with reasonable particularity that sufficient minimum contacts have occurred between the defendant and the forum state to support jurisdiction." *Id.* (citing *Provident Nat'l Bank v. California Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987). Plaintiff may establish jurisdictional facts through sworn affidavits or other competent evidence. *See Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 66 n.9 (3d Cir. 1984).

Plaintiff must demonstrate either specific or general jurisdiction. Specific jurisdiction arises when the particular cause of action arose from Defendant's activities within the forum state. In contrast, general jurisdiction does not require Defendant's connections be related to the particular cause of action, but that Defendants have continuous or systematic contacts with the forum state. *American Bio Medica Corp. v. Peninsula Drug Analysis Co, Inc.*, 1999 WL 615175 (D. Del. 1999). "[A]t no point may a plaintiff rely on the bare pleadings alone in order to withstand a defendant's Rule 12(b)(2) motion to dismiss for lack of in personam jurisdiction." *Id.* Plaintiff is required to respond to a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction with actual proof, not mere allegations. *Id. See also Hurley v. Cancun Playa Oasis In'tl Hotels*, 1999 WL 718556, at *1 (E.D. Pa. Aug. 31, 1999) (stating that "[g]eneral

averments in an unverified complaint or response without the support of sworn affidavits or other competent evidence are insufficient to establish jurisdictional facts").

## III. DISCUSSION

There is now a factual record. (D.I. 48; D.I. 49 Exs. A, B, C, D). Defendant Senay lives in Minnesota and has never set foot in Delaware. Her only contacts with Delaware are renting a post office box in Delaware, arranging with a registered agent to incorporate Defendant Genocide Prevention in Delaware, and serving as President and on the Board of Directors of Defendant Genocide Prevention.[1]

Senay moves to dismiss on the grounds that this Court lacks personal jurisdiction over her. Senay argues that the Complaint lacks facts to support a claim of minimum contacts to satisfy Delaware's long arm statute or due process as there are no allegations that Senay had any contact with Delaware, and jurisdictional discovery has led to nothing.

Plaintiff responds citing the wrong standard. (D.I. 49 at 2). I do not need to accept all factual allegations of Plaintiff as true, and I do not need to resolve factual disputes in Plaintiff's favor given that both sides have offered their evidence, after discovery, about whether personal jurisdiction does or does not exist. Plaintiff has to prove it. See Dayhoff Inc. v. H.J. Heinz Co., 86 F.3d 1287, 1302 (3d Cir. 1996).

Plaintiff mostly addresses whether personal jurisdiction would be consistent with constitutional requirements.

---

[1] The defamatory letter has a Delaware address for Genocide Prevention, but it was mailed from Springfield, Virginia. (D.I. 1-1, Ex. 1 at 4 of 20; Ex. 2 at 12 of 20).

4

I start with jurisdiction under Delaware law.  Plaintiff does not cite or rely upon the Delaware long-arm statute, 10 Del. C. § 3104(c).[2]  He only relies upon 10 Del. C. § 3114.[3]  That statute provides, in relevant part:

> Every nonresident of this State who after January 1, 2004, accepts election or appointment as an officer of a corporation organized under the laws of this State, or who after such date serves in such capacity, . . . by such acceptance or by such service, be deemed thereby to have consented to the appointment of the registered agent of such corporation (or, if there is none, the Secretary of State) as an agent upon whom service of process may be made in all civil actions or proceedings brought in this State, by or on behalf of, or against such corporation, in which such officer is a necessary or proper party, or in any action or proceeding against such officer for violation of a duty in such capacity, whether or not the person continues to serve as such officer at the time suit is commenced.

Plaintiff's argument depends upon Senay being a "necessary or proper" party to the lawsuit.  See *Hazout v. Tsang Mun Ting*, 134 A.3d 274 (Del. 2016).  The only reason that Senay is in the complaint is because she is alleged to be a director and an officer.

---

[2] That section provides for personal jurisdiction over any non-resident who: "(1) Transacts any business or performs any character of work or service in the State; (2) Contracts to supply services or things in this State; (3) Causes tortious injury in the State by an act or omission in this State; (4) Causes tortious injury in the State or outside of the State by an act or omission outside the State if the person regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from services, or things used or consumed in the State; (5) Has an interest in, uses or possesses real property in the State; or (6) Contracts to insure or act as surety for, or on, any person, property, risk, contract, obligation or agreement located, executed or to be performed within the State at the time the contract is made, unless the parties otherwise provide in writing." Defendant Senay has provided an affidavit explaining why she is not subject to jurisdiction under any of those provisions. (D.I. 48). I note that subsection (1) provides for specific jurisdiction, so incorporating a company in Delaware only provides for jurisdiction relating to the incorporation.

[3] I quote subsection (b) relating to officers.  Subsection (a) relates to directors, and in relevant part has the same language.

5

She is not alleged to have written the defamatory letter.[4]  She is not alleged to have mailed it.  The allegation is merely that she is liable because the corporation is liable. (D.I. 1 at ¶ 5).[5]  Under *Hazout*'s analysis, "only claims that involve conduct by the nonresident fiduciary using his corporate power will make him a necessary or proper party." *Hazout*, 134 A.3d at 289.  Since Plaintiff does not allege any conduct by Senay, the claims do not "involve conduct by [Senay] using [her] corporate power." *Id.* Therefore, she is not a necessary or proper party, and the court does not have personal jurisdiction over her under 10 Del. C. § 3114.

I do not need to consider a due process analysis.

## IV.   CONCLUSION

For the above reasons, the Court will dismiss the complaint against Defendant Senait Senay for lack of personal jurisdiction.

An appropriate order will be entered.

---

[4] In the earlier motion to dismiss, Defendant did not seek dismissal on the basis that the complaint did not state a claim against her for any reason other than the letter was not defamatory.

[5] "Mr. Debabe and Ms. Senay are/were the agents, principals, stakeholders, and/or alter egos of [Genocide Prevention], . . . and . . . they are therefore liable for the acts and omissions of [Genocide Prevention].

6