IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TOLESSA GURMESSA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 21-869-CFC |
| | ) |
| GENOCIDE PREVENTION IN | ) |
| ETHIOPIA INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

At Wilmington, this Thirtieth day of April 2025, having reviewed *pro se* Plaintiff's motion for summary judgment (D.I. 96), Plaintiff's motion for default judgment (D.I. 101), and the motion for extension of time to file response filed by Defendant Genocide Prevention in Ethiopia Inc. without counsel (D.I. 103);

WHEREAS the January 29, 2025 Order of the Court (D.I. 100) informed Defendant that it must retain counsel by February 28, 2025, that no further extensions to retain counsel would be granted, and that failure to timely comply would be considered a failure to defend;

WHEREAS ninety days have passed since Defendant was ordered to retain counsel, Defendant's compliance with the Order is now sixty days overdue, and Defendant is still unrepresented;

WHEREAS a party seeking to obtain default judgment, pursuant to Federal Rule of Civil Procedure (Rule) 55(b)(2), must first request that the Clerk of Court enter the default of the opposing party that has failed to answer or otherwise defend within the time required by the rules or as extended by Court Order, pursuant to Rule 55(a);

WHEREAS Plaintiff so requested (D.I. 97) and the Clerk of Court entered default as to Defendant on April 15, 2025 (D.I. 106);

WHEREAS "the entry of default judgment is left primarily to the discretion of the district court," but "discretion is not without limits," and the preference is for cases to "be disposed of on the merits whenever practicable," *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180-81 (3d Cir. 1984);

WHEREAS "in exercising its discretion, the trial court must consider three factors: (1) whether the plaintiff will be prejudiced if the default is lifted; (2) whether the defendant has a meritorious defense; and (3) whether the default was the result of the defendant's culpable misconduct," *id.* at 1181; and

WHEREAS Defendant has been unrepresented in this matter for the last six months, the case cannot proceed without counsel entering appearance on Defendant's behalf, and Defendant has been on notice for the last three months regarding the consequences of failing to obtain representation;

NOW THEREFORE, it is HEREBY ORDERED that Plaintiff's motion for default judgment (D.I. 101) as to Defendant Genocide Prevention in Ethiopia Inc. is **GRANTED**;

IT IS FURTHER ORDERED that Defendant's motion for extension of time (D.I. 103) is **DENIED**, in light of the January 29, 2025 Court Order (D.I. 100);

IT IS FURTHER ORDERED that Plaintiff's motion for summary judgment (D.I. 96) is **DENIED as moot**, in light of the Court granting Plaintiff's motion for default judgment above;

IT IS FURTHER ORDERED that the Clerk of Court shall mail a copy of this Order to Defendant Genocide Prevention in Ethiopia Inc.; and

IT IS FINALLY ORDERED that, within thirty days of the issuance of this Order, Plaintiff shall submit a proposed form of Default Judgment.

_____
Chief Judge